IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:11cv218

| | | |
|---|---|---|
| EDWARD L. BLEYNAT, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| TRANS UNION, LLC, EQUIFAX | ) | |
| INFORMATION SERVICES, LLC, | ) | |
| EXPERIAN INFORMATION | ) | |
| SOLUTIONS, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Pending before the Court is Defendant Trans Union LLC's Motion to Dismiss [# 34]. Plaintiff brought this action against Defendants asserting various claims related to Plaintiff's consumer credit information. In addition to monetary damages, Plaintiff seeks declaratory and injunctive relief under the Fair Credit Reporting Act ("FCRA"). Defendant Trans Union moves to dismiss Plaintiff's claims for declaratory and injunctive relief. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 34].

**I.     Legal Standard**

The central issue for resolving a Rule 12(b)(6) motion is whether the

complaint states a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering a defendant's motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in the light most favorable to plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The complaint need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1949 (2009).

The complaint is required to contain "enough facts to state a claim to relief

that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. ____, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that the defendants acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claims from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**II.     Analysis**

Plaintiff requests declaratory and injunctive relief against Defendant Trans Union for alleged violations of the FCRA. Although the United States Court of Appeals for the Fourth Circuit has not addressed the issue, federal courts have almost uniformly determined that injunctive and declaratory relief are not available to private litigants under the FCRA; injunctive and declaratory relief are only available to the Federal Trade Commission. See e.g., Washington v. CSC Credit Servs Inc., 199 F.3d 263, 268-69 (5th Cir. 2000); Domonoske v. Bank of Am., 705 F. Supp. 2d 515, 518 (W.D. Va. 2010); Jarrett v. Bank of Am., 421 F. Supp. 2d

1350, 1353 (D. Kan. 2006); White v. First Am. Registry, Inc., 378 F. Supp. 2d 419, 424 (S.D.N.Y. 2005); Kaplan v. Experian, Inc., No. 09-10047, 2010 WL 2163824, at * 4 (E.D. Mich. May 26, 2010); Pugh v. Gen. Elec. Co., No. 2:10cv221-ID, 2010 WL 2629511, at *3-4 (M.D. Ala. Jun. 29, 2010) Daniels v. Experian Info. Solutions, Inc., No. 109-017, 2009 WL 1811548, at *4 (S.D. Ga. Jun. 24, 2009); see also Weiss v. Regal Collections, 385 F.3d 337, 341 (3rd Cir. 2004) (holding that injunctive and declaratory relief are not available to private litigants based on similar language under the Fair Debt Collection Practices Act). At least one other Judge in this District has reached the same result. See McCullough v. Trans Union LLC, No. 3:06cv432-W, 2006 WL 3780536, at * 2 (W.D.N.C. Dec. 21, 2006) (Whitney, J.). The Court agrees with the conclusion reached by nearly every federal court to consider the issue and finds that a private litigant may not maintain a claim for injunctive or declaratory relief under the FCRA. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 34].

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss [# 34] and dismiss the claims for injunctive and declaratory relief under the FCRA.

Signed: March 19, 2012

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).