# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL CASE NO. 1:11cv218

| | |
|---|---|
| EDWARD L. BLEYNAT, JR. )<br>)<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>TRANS UNION, LLC; EQUIFAX )<br>INFORMATION SERVICES, )<br>INC., EXPERIAN INFORMATION )<br>SOLUTIONS, INC. )<br>)<br>**Defendants.** )<br>_____ ) | **MEMORANDUM OF DECISION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Defendant Trans Union, LLC's Partial Motion to Dismiss [Doc. 34]; the Magistrate Judge's Memorandum and Recommendation [Doc. 44] regarding the disposition of said motion; the Plaintiff's Objection to the Memorandum and Recommendation [Doc. 45]; and the Defendant Trans Union, LLC's Response to Plaintiff's Objection to the Memorandum and Recommendation [Doc. 46].

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

The Plaintiff brought this action against Trans Union, LLC ("Trans Union") and other credit reporting agencies seeking monetary damages and

declaratory and injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). [Doc. 30]. The Defendant Trans Union moved for dismissal of the Plaintiff's claim for declaratory and injunctive relief, arguing that individual plaintiffs do not have the right to seek such relief under the FCRA. [Doc. 34].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's Motion to Dismiss and to submit a recommendation for its disposition. On March 19, 2012, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Motion to Dismiss be granted. [Doc. 44]. The Plaintiff timely filed an Objection to the Memorandum and Recommendation. [Doc. 45]. The Defendant has responded to the Plaintiff's Objection, urging the Court to adopt the Magistrate Judge's Recommendation. [Doc. 46].

Having been fully briefed, this matter is now ripe for disposition.

## II. STANDARD OF REVIEW

### A. Standard of Review Applicable to Objections to Magistrate Judge's Memorandum and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or

2

recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

**B.    Rule 12(b)(6) Standard of Review**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer

3

possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678, 129 S.Ct. 1937.

> [T]he Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." To discount such unadorned conclusory allegations, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." This approach recognizes that "naked assertions" of wrongdoing necessitate some "factual enhancement" within the complaint to cross "the line between possibility and plausibility of entitlement to relief."
>
> At bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief,'" as required by Rule 8. ... [E]ven though Rule 8 "marks a notable and generous departure from the hyper-technical, codepleading regime of a prior era, ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 557, 127 S.Ct. 1955 and Iqbal, 129 S.Ct. at 1950, 129 S.Ct. 1937).

## III. DISCUSSION

At issue in this case is whether an individual plaintiff, rather than the Federal Trade Commission ("FTC"), can seek declaratory and injunctive relief under the FCRA.

Although the Fourth Circuit has not yet addressed the issue, the Fifth Circuit has held that private litigants do not have a right to declaratory and injunctive relief under the FCRA. See Washington v. CSC Credit Services, Inc., 199 F.3d 263 (5th Cir. 2000) (holding that "the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of a similar grant to private litigants when they are expressly granted the right to obtain damages and other relief, persuasively demonstrates that Congress vested the power to obtain injunctive relief solely with the FTC"). As the Magistrate Judge correctly noted [Doc. 44 at 3-4], Washington has been widely followed by the federal district courts, in this District as well as elsewhere in the Fourth Circuit. See, e.g. Domonoske v. Bank of Am., 705 F.Supp.2d 515, 518 (W.D. Va. 2010); Jarrett v. Bank of Am., 421 F.Supp.2d 1350, 1353 (D. Kan. 2006); White v. First Am. Registry, Inc., 378 F.Supp.2d 419, 424 (S.D.N.Y. 2005); Kaplan v. Experian, Inc., No. 09-10047, 2010 WL 2163824, at *4 (E.D. Mich. May 26, 2010); Pugh v. Gen. Elec. Co., No. 2:10cv221-ID, 2010 WL 2629511,

at *3-4 (M.D. Ala. Jun. 29, 2010); Daniels v. Experian Info. Solutions, Inc., No. 109-017, 2009 WL 1811548, at *4 (S.D. Ga. Jun. 24, 2009); McCullough v. Trans Union LLC, No. 3:06cv432-W, 2006 WL 3780536, at *3 (W.D.N.C. Dec. 21, 2006) (Whitney, J.).

The Plaintiff argues that Washington was wrongly decided, relying principally on Beaudry v. Telecheck Services, Inc. 579 F.3d 702 (6th Cir. 2009), cert. denied, 130 S.Ct. 2379, 176 L.Ed.2d 768 (2010). In Beaudry, the Sixth Circuit declined to resolve the issue of whether injunctive relief is available to individual litigants under the FCRA, instead choosing to "save its resolution for another day." Beaudry, 579 F.3d at 709. As such, the opinions expressed by the Sixth Circuit on this issue are merely dicta. Although it declined to rule on the issue directly, the Beaudry court expressed doubt as to the Fifth Circuit's conclusion that injunctive relief is not available to individual litigants under the FCRA. See id. ("Washington may be right, and the district court thus may have been right to rely on it. But the answer is not free from doubt."). Specifically, the Beaudry court noted that the Supreme Court in Califano v. Yamasaki, 442 U.S. 682, 705, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), had held that absent "the clearest command to the contrary from Congress," district courts are assumed to have authority to issue injunctions

6

in cases over which they have jurisdiction. Beaudry, 579 F.3d at 709 (citation omitted). The Washington court, however, expressly considered Califano and, upon examining the language of the FCRA, concluded that "Congress clearly and unambiguously limited the court's equity jurisdiction under the FCRA" so as to preclude injunctive relief for private litigants. Washington, 199 F.3d at 268. For these reasons, the Court concludes that the dicta of Beaudry is not persuasive. The Plaintiff's objections on this point are, therefore, overruled.[1]

The Plaintiff further urges the Court to allow injunctions on policy grounds in order to give FCRA plaintiffs an efficient and effective way of pursuing their claims and avoiding further damages. [Doc. 45 at 9]. The Plaintiff's policy arguments, however, are foreclosed by the statutory language of the FCRA, which evidences a clear intention on the part of Congress to

---

[1]The Plaintiff also highlights the Beaudry court's criticism that Washington relies mostly on cases decided before the FCRA was amended in 1996. [Doc. 45 at 6]. Beaudry's criticism of Washington on this point, however, concerned the latter court's conclusions regarding the availability of statutory damages under the FCRA, not injunctive relief. See Beaudry, 579 F.3d at 707. Because the present case involves only the issue of injunctive relief, the Plaintiff fails to show how this criticism is relevant to the instant case.

preclude private litigants to seek injunctive and other equitable relief under the FCRA.[2] Accordingly, the Plaintiff's objection is without merit.

## IV. CONCLUSION

Having conducted a *de novo* review of those portions of the Memorandum and Recommendation to which objections were filed, the Court concludes that the Magistrate Judge's proposed conclusions of law are supported by and are consistent with current case law.[3] Accordingly, for the reasons stated in the Magistrate Judge's Memorandum and Recommendation, the Court will dismiss with prejudice the request for injunctive relief set forth in the Prayer for Relief of the Plaintiff's Amended Complaint.

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Objection to the Memorandum and Recommendation of the Magistrate Judge [Doc. 45] is **OVERRULED**, and the Recommendation of the Magistrate Judge [Doc. 44] is **ACCEPTED**.

---

[2]Even without the availability of injunctive relief, however, such litigants are not left without any redress for their injuries, as an injured party may still pursue actual and punitive monetary damages under the FCRA.

[3]While Trans Union was the only Defendant to formally move for dismissal of Plaintiff's request for injunctive relief, this dismissal applies equally to the other defendants in this case.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Dismiss [Doc. 34] is **GRANTED**, and the request for injunctive relief set forth in the Prayer for Relief of the Plaintiff's Amended Complaint is hereby **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed: July 2, 2012

Martin Reidinger
United States District Judge