THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:11cv218

| | |
|---|---|
| EDWARD L. BLEYNAT, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TRANS UNION, LLC; EQUIFAX )<br>INFORMATION SERVICES, )<br>INC.; EXPERIAN INFORMATION )<br>SOLUTIONS, INC., )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF DECISION<br>AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Rule 54(b) Motion to Direct Entry of Final Judgment [Doc. 51].

The Plaintiff brought this action against Trans Union, LLC ("Trans Union") and other credit reporting agencies seeking monetary damages and declaratory and injunctive relief under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Defendant Trans Union moved for dismissal of the Plaintiff's requests for declaratory and injunctive relief, arguing that individual plaintiffs do not have the right to seek such relief under the FCRA. [Doc. 34].

On March 19, 2012, the Magistrate Judge entered a Memorandum and Recommendation in which he recommended that the Motion to Dismiss be

granted. [Doc. 44]. The Plaintiff objected to the Memorandum and Recommendation. [Doc. 45]. In a Memorandum of Decision and Order entered on July 3, 2012, the Court overruled the Plaintiff's objection and accepted the Memorandum and Recommendation, holding that individuals do not have a right to declaratory and injunctive relief under the FRCA. [Doc. 47]. The Plaintiff now requests that the Memorandum of Decision and Order be certified as a final judgment in order to facilitate appellate review. [Doc. 52].

Rule 54(b) of the Federal Rules of Civil Procedure provides, in pertinent part, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines there is no just reason for delay." Fed. R. Civ. P. 54(b). Certification under this rule is "the exception rather than the norm" and should not "be granted routinely." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). The party seeking entry of a final judgment must show that certification is warranted. Id.

In determining whether to certify a decision, the Court applies a two-part test: (1) decide whether the judgment is final as to the relevant claim, and (2)

2

determine whether there is any just reason for delay in entering a judgment that may be immediately appealed. Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7-8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). Having carefully reviewed the Plaintiff's motion, the Court concludes that the Plaintiff fails to satisfy either prong.

First, the Order dismissing the Plaintiff's requests for declaratory and injunctive relief under the FCRA was not a "final judgment" as contemplated by Rule 54(b). To be a "final judgment," the decision "must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." Id. at 7, 100 S.Ct. 1460 (citation and internal quotation marks omitted). Here, the litigation with respect to the Plaintiff's underlying FCRA claims has not ended; the Court simply ruled that the Plaintiff is not entitled to declaratory and injunctive relief should he ultimately prove successful on his FCRA claims. In other words, the Court has not dismissed any of Plaintiff's substantive *claims*, but rather has held that Plaintiff if not entitled to certain *remedies* if he is successful in proving those claims. This type of partial ruling is simply "not the stuff of Rule 54(b) certification." Edwards v. Prime, Inc., 602 F.3d 1276, 1289 & n.1 (11th

3

Cir. 2010) (holding that dismissal of request for injunctive and declaratory relief was only a partial dismissal and not a final judgment disposing of an entire claim).

In determining whether there is any "just reason for delay," the Fourth Circuit has enunciated several factors for courts to consider, including: "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like." Braswell, 2 F.3d at 1335-36 (citation omitted).

Applying the Braswell factors leads the Court to conclude that the Plaintiff's motion should be denied. The dismissal of Plaintiff's requests for declaratory and injunctive relief did not alter the parties or substantive claims at issue in this litigation. Rather, the only effect of the dismissal was to preclude the Plaintiff from seeking declaratory or injunctive relief should he

prove to be ultimately successful on his claims. Of course, the need for review of this decision may be rendered moot if the Plaintiff's FCRA claims are dismissed on the merits. Under these circumstances, allowing the Plaintiff to appeal the dismissal of his requests for declaratory and injunctive relief while his substantive claims continue to be litigated would not be a good use of judicial resources.

For all of these reasons, the Court concludes that the Plaintiff's motion that the Order dismissing his requests for injunctive and declaratory relief be certified as a final judgment should be denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Rule 54(b) Motion to Direct Entry of Final Judgment [Doc. 51] is **DENIED**.

**IT IS SO ORDERED.**

Signed: August 28, 2012

Martin Reidinger
United States District Judge